| 38 | 4b1 |
|----|-----|
| 74a | 608 |

</div>

DANIEL STONER, Plaintiff in Error, *v.* JAMES S. EVANS *et als.*, Defendants in Error.

*Interest — Notes and Bills.* — Although by the terms of a note the interest be payable annually, yet the interest will not be compounded unless the note express upon its face that the interest is to bear interest—R. C. 1855, p. 891, § 5. When any instalment of interest is payable, an action lies for its recovery.

### Error to Iron Circuit Court.

*P. Pipkin,* for plaintiff in error.

*John T. Bush,* for defendants in error.

No party to an action can recover interest upon interest, or compound interest, without showing an agreement of the other party to that effect; neither the statutes of Missouri nor the common law allow compound interest upon any other terms than the contract and consent of the parties. The stipulation in the note making the interest payable annually, can upon no rational view or construction amount to an agreement, that, in default of such annual payment, the accrued interest was to become principal and bear interest at the same rate as the principal, or any other rate. The words have no such natural effect, and our law never stretches the words of an agreement to favor or make construction giving compound interest. The law rather favors constructions against compounding interest. The appellant, then, invokes

30—VOL. XXXVIII.

the statutes in vain and without effect to sustain his claim for interest upon interest on the amount in controversy.

Nor does the common law afford any better foundation for appellant's claim. By the common law, contracts for the prospective or future payment of compound interest were of no validity or avail. The common law did allow parties, after the accumulation of interest, to agree that such interest was to bear interest, but went no farther in the toleration of contracts to compound interest; nor did that law, even after the accumulation of interest, allow such accrued interest to bear interest without a special agreement of the parties to that effect—Gunn v. Head, 21 Mo. 432; Van Bechotten v. Lawson, 6 Johns. Ch. 313; State of Conn. v. Jackson, 1 Johns. Ch. 13; Chambers v. Goldwin, 5 Ves. 271.

For constructions of agreements to pay interest annually, see Henry v. Flagg, 13 Metc. 64; Hastings v. Wiswall, 8 Mass. 455.

Wagner, Judge, delivered the opinion of the court.

Plaintiff sued the defendants on the following promissory note:—" Iron Mountain, November 4, 1857. Five years after date, we, or either of us, promise to pay to the order of Pate Buford, five thousand five hundred dollars, for value received, with interest at the rate of ten per cent. per annum from date; interest payable annually.—James S. Evans, Milton P. Boyce, P. G. Long, David Evans." The note was assigned by Buford to plaintiff.

There was but one point presented in the court below, and it is the only point relied on here: that as the interest was payable annually, if not promptly paid at the end of the year, it would stand like any other debt for money, and would legally draw interest at the rate of six per cent. The court refused to give the note this construction, and rendered judgment for the amount due on the note, with simple interest at the rate of ten per cent. The plaintiff excepted, and brings the case here by writ of error.

We do not think that because the interest was payable an-

nually, it was therefore to be compounded and bear interest in the event of its not being paid when due. By the express terms of the agreement the interest was to be paid annually, and if not so paid the plaintiffs might have recovered it by action ; but there is no authority for saying that he could let it run, treat it as a separate and.independent debt, and then recover interest on it without stipulation to that effect. The R. C. 1855, p. 891, § 6, provides that parties may, in any contract in writing whereby any debt is secured to be paid, agree that if the interest on such debt is not punctually paid it shall become a part of the principal and thereafter bear interest.

In this case there was no such agreement made by the parties or inserted in the contract ; and where there is no such special agreement incorporated in the contract or stipulated between the parties, interest on interest cannot be allowed.

The judgment is affirmed.  The other judges concur.