J. N. CASTLIO, ADMINISTRATOR, Respondent, v. J. L. MARTIN, ADMINISTRATOR, Appellant.

### December 6, 1881.

1. When an instalment of interest becomes due an action will lie for its recovery.

2. Where one in possession of land under an agreement to purchase, gives his note for the purchase-money, interest payable annually, dies intestate and insolvent, and the owner enters into possession of the land, the probate court has jurisdiction of a demand against the estate for interest which had matured at the intestate's death. The claim for interest involves no question of specific performance of a contract concerning real estate.

APPEAL from the St. Charles Circuit Court, EDWARDS, J. *Affirmed.*

T. F. McDEARMON, for the appellant.

W. A. ALEXANDER and C. W. WILSON, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff, as the administrator of the estate of Howell, presented for allowance against the estate of Dunlap, an

account for interest due upon a note made by Dunlap. The claim, $554.96, was allowed and placed in the fifth class. On trial anew in the circuit court, $582.70 was allowed upon the claim.

It appears that, in 1870, Dunlap agreed to purchase of Howell one hundred and fifty-seven acres of land in St. Charles County, for $4,710. Dunlap paid some cash and executed his note to Howell for the balance of $3,910. Howell delivered to Dunlap at the time a bond for a deed, and Dunlap at once entered into possession and retained possession until he died, in October, 1878. Howell died in January, 1877. Dunlap made various payments to Howell, by means of which the indebtedness was reduced to $3,430, on March 11, 1876, interest being due, however, from the preceding September. On March 11, 1876, Dunlap executed and delivered to Howell the following note: "$3,430. On or before September 20, 1878, for value received, I promise to pay Lewis Howell three thousand four hundred and thirty dollars, the same bearing ten per cent interest from September, 1875, and the interest to be paid annually." On this note the following credits are entered: On November 6, 1876, $30; on February 20, 1877, $50; on June 23, 1877, $40; on August 31, 1877, $178.74; on May 28, 1878, $175.30.

No other or further payments were made. There seems to be no dispute, and the evidence is clear, that the amount of the claim was due for interest at the time of Dunlap's death, which was in September or October, 1878. Whilst Dunlap was in possession, he erected valuable improvements on the property, and there is a great deal of testimony on one side and the other as to whether the property appreciated or depreciated by Dunlap's use of it. Howell died without having executed a deed for the land, and Dunlap died without having paid the note; and, at the time of his death, was unable to pay the note, and his estate is

insolvent. Castlio is Howell's administrator, and Martin is Dunlap's administrator. When Dunlap died, Howell, as administrator of Dunlap, took possession of the land, and has since then received the rents.

The contention of appellant is, that this claim is for part of the contract-price to be paid by defendant's intestate for lands, and that the proceeding is an attempt to enforce specific performance of a contract regarding real estate.

The probate court has no equitable jurisdiction. But we are unable to see that its action in this case involved the assumption of any of the functions of a court of equity. There ought to be no question in this case as to the performance or non-performance of any contract concerning real estate. Dunlap gave to Howell during his life a note for a valuable consideration, bearing ten per cent interest, payable annually. On this note three years' interest had accrued when Dunlap died. Dunlap clearly owed this interest to the estate of Howell, less whatever amount he had paid on account of it. When an instalment of interest is due, an action lies for its recovery. *Stoner* v. *Evans*, 38 Mo. 461. All the testimony as to the insolvency of Dunlap's estate, and the impossibility of carrying out the contract as to the purchase and sale of the realty, is immaterial. The payee of the note, whilst alive, and, after his death, his legal representative, had a clear right to enforce the payment of each annual instalment of interest as it matured. Dunlap was in possession of the farm, under the bond for a deed, during the whole period covered by the present claim, and there can be no pretence that there was any failure of consideration.

We see no reason for disturbing the judgment. It is manifestly for the right party, and will be affirmed. Judge LEWIS is absent; Judge THOMPSON concurs.