## CARTER v. CARTER.

**Promissory Note:** CONSTRUCTION: INTEREST: WHEN PAYABLE. A promissory note, secured by a title-bond, provided as follows: "Interest to be paid annually: and, on failure to pay said interest when due, the same shall become part of the principal and draw interest accordingly." *Held* to be an absolute agreement to pay the interest annually, and that the maker had not the option either to pay the annual installments of interest as they matured, or to permit them to continue at the same rate of interest as the principal until the maturity of the note; and that if there were any doubts about the contract as expressed in the language of the note, it was settled by the language of the title-bond, which clearly provided that the interest was to be paid annually. (*Wood v. Whisler*, 67 Iowa, 676, *distinguished.*)

*Appeal from Jefferson District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, JANUARY 16, 1889.

ACTION in equity to recover an installment of interest alleged to be due on a promissory note, and for the foreclosure of a title-bond. The district court overruled defendant's demurrer to the petition, and he appeals.

*M. A. McCoid*, for appellant.

*McKemey & Simmons*, for appellee.

REED, C. J.—The following is a copy of the note sued on :

"$2,150.                    Dec. 29, 1885.

"On or before June 1st, 1885, I promise to pay to Daniel Carter or order the sum of twenty-one hundred and fifty dollars, at Liberty township, value received, with interest at the rate of eight per cent. per annum from date, and reasonable attorney's fees, if suit be instituted on this note, interest to be paid annually ; and on failure to pay said interest when due, the same shall become part of the principal, and draw interest accordingly. Interest begins June 1st, 1886.

"W. A. CARTER."

The note was given for the purchase price of a tract of real estate. Plaintiff executed to defendant a bond, by which he agreed to convey the land on payment of the principal and interest of the note. The bond recites the sale of the property, and the price agreed to be paid therefor, and that a note had been given for that amount. Also that the note bore interest at eight per cent., and that the interest was "to be paid annually." The action is to enforce payment of interest for the year ending June 1, 1887.

The question raised by the demurrer is whether payment of interest is enforceable before the maturity of the note ; the point urged being that, under the provision that the interest, if not paid when due, shall become part of the principal, and draw interest accordingly, defendant has the option either to pay the annual installments of interest as they mature, or to permit them to continue at the same rate of interest as the principal until the maturity of the note. We are of the opinion that the contract is an absolute undertaking to pay the interest annually. There is no repugnancy between the provision for the annual payment of interest and that relied on by defendant. When the two provisions are

considered together, as they must be, they amount to no more than that the interest is to be paid at the end of each year, but if not then paid, it shall bear the same rate of interest as the principal. But, if there should be any doubt as to the effect of the contract, arising out of the language of the note, it would be overcome by the provision quoted from the bond, which is an unqualified promise to pay the interest annully. The execution of the bond was concurrent with that of the note, and it relates to the same transaction, and it may be considered in connection with the note in determining the agreement of the parties. The case is distinguishable from *Wood v. Whisler*, 67 Iowa, 676. In that case the contract did not, as in this, expressly provide for the annual payment of interest, but by its terms the obligor had the option to pay either at the end of each year or at the maturity of the note ; the annual installments bearing the same rate of interest as the principal debt, if he elected to pursue the latter course. The judgment of the district court will be

AFFIRMED.