AMOS B. RANDALL, Respondent, v. LEE & RANDALL, Appellants.

Kansas City Court of Appeals, February 1, 1897.

1. Justices' Courts: FILING INSTRUMENT: JURISDICTION. Where a note is lodged with the justice before the issue of process, such lodgment is sufficient to confer jurisdiction over the subject-matter though the justice fails to mark the note filed, and neither a temporary withdrawal thereof by leave of the justice nor a clerical error in the docket description of the note will deprive the justice of jurisdiction.

2. Bills and Notes: NONMERCANTILE PARTNERSHIP: POWER TO ISSUE NOTE. In a suit on a note of a nonmercantile partnership the plaintiff must prove that the signing partner was expressly authorized by his copartner to sign the firm name to the note.

VOL. 68 app—36

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

REVERSED AND REMANDED.

*John Burgin* and *Wright Prickett* for appellants.

(1) The filing or lodging of the original instrument sued on with the justice of the peace is absolutely necessary to give jurisdiction of the subject-matter of the action, and the justice can exercise no jurisdiction but that conferred by Revised Statutes, 1889, section 6139. *Olin v. Zeigler,* 46 Mo. App. 193; *Ins. Co. v. Foster,* 56 Mo. App. 197; *Peddicord v. R. R.,* 85 Mo. 162; *Dillard v. R. R.,* 58 Mo. 74. Said section 6139 provides the limit for filing the note sued on and directs dismissal in case of failure. *Peddicord v. R. R.,* 85 Mo. 162. (2) The pretended note in suit, not having been filed with the justice of the peace, the said justice acquired no jurisdiction of the subject-matter of the action, and the note, which is the only possible statement plaintiff can have of his cause of action, can not be filed in the circuit court and thus give jurisdiction of the subject-matter to the circuit court. For no statement can be filed in the circuit court when none was filed in the justice's court. The jurisdiction of the circuit court is secondary and derivative from that of the justice of the peace. *Peddicord v. R. R., supra; Olin v. Zeigler, supra; Ins Co. v. Foster, supra; Bank v. Hammerslough,* 72 Mo. 274. (3) As the justice of the peace had no jurisdiction of the subject-matter of the action, the circuit court can get none by appeal. *Olin v. Zeigler, supra; Ins. Co. v. Foster, supra; Peddicord v. R. R., supra; Gideon v. Hughes,* 21 Mo. App. 528 (which case also holds that jurisdiction of circuit court is secondary and derivative from that of

justice).   *Webb v. Tweedie*, 30 Mo. 488; *McQuoid v. Lamb*, 19 Mo. App. 153; *Robinson v. Walker*, 45 Mo. 117; *Cooban v. Bryant*, 36 Wis. 612; *Dillard v. R. R.*, 58 Mo. 74.   (4) The filing of the instrument sued on must be made to appear by the record and the justice's record can not be aided by extraneous evidence, such as Dan W. Brown's oral testimony.   *Olin v. Zeigler, supra; Ins. Co. v. Foster, supra; Cunningham v. R'y*, 61 Mo. 33; *Young v. Thompson*, 14 Ill. 380, and cases cited; *Norton v. Porter*, 63 Mo. 345; *Gideon v. Hughes*, 21 Mo. App. 528; *Horton v. R. R.*, 21 Mo. App. 147; *McQuoid v. Lamb*, 19 Mo. App. 154; *Harnsberger v. R'y*, 43 Mo. 196; *State v. Metzger*, 26 Mo. 65.   (5) A partnership engaged in the photo-engraving and printing occupation is a nontrading partnership.   Clement Bates, Law of Partnership, sec. 329; *Deardorff v. Thacher*, 78 Mo. 128; *Bank v. Snyder*, 10 Mo. App. 211, and cases cited; *Bays v. Connor*, 105 Ind. 414; *Pooley, Barnum & Co. v. Whitmore*, 10 Heisk. (Tenn.) 629; *Smith v. Sloan*, 37 Wis. 285; Story on Partnership, sec. 102; *Cocke v. Bank*, 3 Ala. 175; *Ulery v. Ginrich*, 57 Ill. 531; *Prince v. Crawford*, 50 Miss. 344; *Walker v. Keys*, 6 Vt. 257; *Graves v. Kellenberger*, 51 Ind. 66; *Judge v. Braswell*, 13 Bush, 67.   (6) The individual partner in a nontrading partnership can not bind his copartner by bill or note drawn by him in the firm name, not even for a debt which the firm owes. *Deardoff v. Thacher, supra; Smith v. Sloan, supra; Prince v. Crawford*, 50 Miss. 344; *Judge v. Braswell, supra; Pooley, Barnum & Co. v. Whitmore, supra; Witram v. Wormer*, 44 Ill. 525; *Lee v. Bank*, 45 Kan. 8.

*Lyman & Brown* for respondent.

The appellant, persistently, and we think, unfairly, insists that the note in question was not filed at

the time of the commencement of the suit.   Certainly,
if the note sued upon was not filed with justice Ebert,
when the suit was instituted, appellant's citations
would be properly made, and the authorities cited by
him would probably be applicable to the point in issue,
but appellant's contention is made in the face of undis-
puted facts, as may be seen by reference to the abstract
of record.


SMITH, P. J.—This is an action which was brought
on a promissory note before a justice of the peace.
The cause was removed by appeal to the circuit court
where the plaintiff had judgment and defendant Lee
appealed.

I.   It is objected that the circuit court was with-
out jurisdiction of the cause for the reason that the
instrument upon which the suit was
founded was not filed with the justice be-
fore whom the suit was brought as required
by section 6139, Revised Statutes.   The
justice's docket recites that plaintiff *filed* a promissory
note for $257.70.   That sued on was for $251.   The
undisputed evidence was to the effect that the latter
described note was lodged with the justice before pro-
cess was issued for defendants.   After the suit had
been commenced the plaintiff with the consent of the
justice   withdrew the note by leaving a copy.   The
original was before the justice at the trial and by him
delivered to the clerk of the circuit court with the tran-
script and other papers relating to the appeal.   But it
was never marked filed by the justice.

The lodgment of the note with the justice though
not marked filed by him was a sufficient filing within
the   meaning of the statute.   *State v. Hocker*, 68
Mo.   App.   415;   *Collins v. Kammann*, 55 Mo.  App.

*[margin note: JUSTICES' courts: filing instrument: jurisdiction.]*

*loc. cit.* 466; *Olin v. Zeigler*, 46 Mo. App. 193; *Grubbs v. Cones*, 57 Mo. 83; Anderson's Law Dict.

The note was lodged with the justice before the process was issued thereon and this was a sufficient filing to confer jurisdiction over the subject-matter, and the mere temporary withdrawal of it by the plaintiff did not have the effect to deprive the justice of the jurisdiction which had previously attached. The slight inaccuracy in the description of the note by the justice in his docket is of no importance. If the note was in fact filed by him before he issued process the jurisdiction thereby acquired was not lost by such a misprision. We think the circuit court acquired jurisdiction of the cause by the appeal.

II. The defendant further objects that the court erred in its action giving the plaintiff's instructions, the first of which told the jury that "if they believe from the evidence that the defendant, H. W. Randall, borrowed the money, and used it for the benefit of the partnership, he had a right, as a member of the firm, to execute the note of the partnership for the same without special authority from defendant, J. H. Lee, to do so during the existence of the partnership."

BILLS and notes: nonmercantile partnership: power to issue note.

The defendants were partners engaged in the photo-engraving and printing business. There is nothing in the evidence tending to show that they were a trading partnership. *Deardorf v. Thacher*, 78 Mo. 128, decides that a partner of a nontrading partnership can not bind his copartner by bill or note drawn, accepted, or indorsed by him in the name of the partnership, not even for a debt which the partnership owes or for articles or labor necessary in the business of the partnership unless he has express authority therefor from his copartner or unless the giving of such instruments is necessary to carrying on the firm business, or is usual

in similar partnerships, and the burden is in the holder of the instrument sued to prove such authority, necessity, or usage.

It is true in the dissenting opinion delivered in the case by Judge HENRY it was said: "I concur in reversing the judgment but do not concur in so much of the opinion as holds that one member of a copartnership, not a trading or mercantile copartnership can not bind the firm by a note executed in the name of the firm for articles or labor necessary in the business of the firm." The rule thus favored by Judge HENRY in his dissenting opinion may be more salutary than that declared by the majority of the court, yet we have felt constrained to follow the latter. *Webb v. Allington*, 27 Mo. App. 559; *Feurt v. Brown*, 23 Mo. App. 332. In the light of the decision in the majority opinion in *Deardorf v. Thacher, supra*, the rule asserted in the plaintiff's first instruction, as well as in the other two which are of similar import, must be held erroneous.

It seems that unless the plaintiff can show that the defendants were a mercantile or trading copartnership at the time the note was given, or that the defendant Randall was expressly authorized by the other defendant, his copartner, to sign the firm name to the note, that the plaintiff's action therein must fail. The defendant's seventh instruction to this effect, that Randall could not bind Lee, his partner, by a note executed by said Randall in the partnership name of Lee & Randall, unless said Lee previously authorized said Randall to sign said note, or unless said Lee subsequently assented to the signing of said note in said firm name, or unless it was a general custom of said partners to sign the firm name to negotiable instruments; and the jury are further instructed that the burden is upon the plaintiff in this case to show by a preponderance of credible testimony such authority,

assent, or custom, correctly expressed the law and should have been given.

Defendant has in his brief urged upon our consideration a great number of other objections to rulings made by the court during the progress of the trial, but these we have examined and find destitute of merit. The judgment will be reversed and cause remanded.

All concur.