JOSEPH ROWE, Respondent, v. CHARLES F. SCHERTZ, Appellant.

St. Louis Court of Appeals, April 12, 1898.

1. **Justice's Court:** JUSTICE'S DOCKET. It is competent to take the testimony of the justice to prove a fact which he was required to note in his docket, but of which the docket was silent.

2. ———: ———: JUSTICE'S TRANSCRIPT. It is also a proper direction to the justice to amend his transcript to conform to the facts as proven, i. e., that the note was filed for suit before him. R. S. 1889, sec. 6336.

3. ———: ———: JUSTICE'S PRACTICE. The delivery of the note to the justice for suit for the amount (the interest) then due, was all the plaintiff was required or could do, and the failure of the justice to mark the note "filed" or to make an entry of it on his docket, was not the fault of the plaintiff, nor did these omissions on the part of the justice deprive him of jurisdiction to hear the cause.

4. ———: ———: ———. The delivery of the instrument to the justice for suit, was in contemplation of law a filing of the instrument for suit.

5. **Promissory Note.** INTEREST, WHEN DUE. Where the interest on a promissory note became due annually, the fact that it was to be compounded with the principal, if not paid, did not have the effect to postpone its payment until the maturity of the whole note, nor did the plaintiff by this stipulation waive his right to sue for and recover the annual instalments of interest as they matured.

*Appeal from the Hannibal Court of Common Pleas.*
HON. REUBEN F. ROY, Judge.

AFFIRMED.

D. H. EBY and R. E. ANDERSON for appellant.

The note sued on is peculiarly worded and is a wide departure from the ordinary form of a compound interest note. It expressly provides that, "if the said

interest be not paid annually, then it shall be annually added to and·become part of the principal of this note.'' Appellant contends that, upon a fair legal construction of this contract, on the default in the payment of the interest it became merged in and a part of the principal and was not due until the maturity of the note. As the parties have constituted the writing to be the only outward and visible expression of their meaning, no other words are to be added to or substituted in its stead. The duty of the court in such case is to ascertain, not what the parties may have secretly intended as contra-distinguished from what their words express, but what is the meaning of the words they have used. 1 Greenl. Ev., sec. 277. Where the note simply provides that the interest shall be payable annually, it has been held that it only drew simple interest. Stoner v. Evans, 38 Mo. 461. *Non constat* where the note provides that the interest, if not paid, shall be annually added·to and become part of the principal, by a parity of reasoning was not the interest merged in the principal, and payment thereof deferred until the principal matured? When the terms of a contract are clear and unambig-uous, the party can relieve himself of the liability they impose by proving fraud or mistake, or that by the custom they were used in a sense different from their ordinary import, upon sufficient proof that the contract did not express the meaning of the parties, it might be set aside; but a contract which the parties intended to make, but did not make, can not be set up in place of the one which they did make, but did not intend to make. 2 Parsons, Cont. [6 Ed.] 496; Frain v. R'y, 89 Mo. 397. The original transcript filed by the jus-tice of the peace does not show that there was any statement of plaintiff's cause of action filed with him upon which the suit was founded. Plaintiff claimed that the note had been filed. The proper course would

have been to suggest a diminution of the record and have the justice send up an amended transcript. Instead of this the court allowed the justice to be introduced as a witness, and, while the appellant contends that his evidence did not show that the note was filed, yet the court ordered that the justice amend his record, showing said fact and to certify it in the transcript to this court. This was manifest error. If defects or omissions appear in the papers, filed by a justice on appeal to the circuit court, the remedy is by a rule and attachment against the justice. The transcript first returned by the justice was a copy of the docket entries made by him on the twenty-second day of March, 1897, and contained no mention of the filing of a note or statement. It is patent upon the face of it, that the amended transcript was a copy of docket entries made on the twenty-third day of September, 1897, after the order of the court directing him to so amend his docket. This he had no power to do without the consent of all the parties. It would be a dangerous practice to allow *nunc pro tunc* entries to be made by a justice of the peace. People v. Delaware, 18 Wend. 558; Watson v. Davis, 19 Wend. 371; People v. Lynde, 8 Cowen, 133.

JOHN L. ROBARDS for respondent.

Plaintiff had the legal right to sue for the recovery of the annual instalment of interest on the note. Appellant could not default in his payment, and then take advantage of his own wrong to defeat respondent's action, that the interest instantly became principal, payable in twenty-two years. Stoner v. Evans, 38 Mo. 461; Costlio v. Martin, 11 Mo. App. 251; Waples v. Jones, 62 Mo. 440; Carter v. Carter, 41 N. W. Rep. 168; 76 Iowa, 474; 2 Parsons, Cont. [4 Ed.], p. 147 b;

Greenleaf v. Kellog, 2 Mass. 568; Hastings v. Weswall, 8 Mass. 455; Wilcox v. Howland, 23 Pick. 169. The prior successive payments of annual interest evidenced by the credits on the note, the accordant acts of both parties, prove their wholesome previous construction of the contract. Deutman v. Kilpatrick, 46 Mo. App. 624. The sound and fair interpretation, that the debtor wanted the use of the principal, and the creditor desired the periodical payment of interest, for his support and comfort, is forcibly stated by Chancellor Kent, viz.: Ellis v. Craig, 7 Johns. Ch. Rep. [2 Ed.] 7–10, 12. The note was a sufficient statement of plaintiff's cause of action. R. S., sec. 6138; Smith v. Zimmerman, 29 Mo. App. 249. We conclude the action was not premature, nor in excess of his jurisdiction. The instrument sued on was delivered to the justice, before he issued the summons, therefore was duly filed. Grubb v. Cones, 57 Mo. 83; State v. Grate, 68 Mo. 22–26.

BLAND, P. J.—This suit was brought for one year's accrued and overdue interest before a justice of the peace on the following promissory note:

"HANNIBAL, Mo., December 3, 1891.

"On or before twenty-two years after date, I promise to pay to the order of Joseph Rowe, at the Farmers & Merchants Bank, of Hannibal, Missouri, Fifteen hundred ($1,500) dollars, for value received, with interest thereon from date until paid at the rate of six per cent per annum. Said interest payable annually, and if the said interest be not paid annually, then it shall be annually added to and become a part of the principal of this note, and bear interest at the same rate as the principal. This note is secured by a deed of trust of even date herewith executed by myself and wife to

STATEMENT.     George D. Clayton as trustee on part of sections 15 and 22, township 56, range 5, Ralls county, Missouri, containing 360 acres. "Nov. 11.     Due 12-3-1913.          C. P. Schertz."

The defendant recovered judgment before the justice, from which plaintiff appealed to the Hannibal court of common pleas.  On a trial *de novo* before the court without a jury, the plaintiff recoverd a judgment for $57.40.  From this judgment the defendant duly appealed to this court, after his motions for new trial and in arrest had been overruled.

The transcript filed in the court of common pleas failed to state that the note was filed by the justice for suit.  Over the objection of the defendant the justice was called as a witness, and testified that Mr. Robards, attorney for the plaintiff, brought the note and deposited it with him for suit and at the same time made out the memorandum or statement of the amount due found in the transcript, which is as follows:

"State of Missouri,  ⎫
                               ⎬ ss.
"County of Marion,  ⎭

"Joseph Rowe,         ⎫   Suit on a promissory note be-
      Plaintiff,          ⎮   fore Alexander Smeathers, Jus-
      v.                   ⎬  tice of the Peace, Mason Town-
"Charles Schertz,    ⎮   ship.
      Defendant.     ⎭          "March 22d, 1897.

"Now, this day comes John L. Robards, attorney for plaintiff, and files his claim for interest on a certain promissory note dated December 3, 1891, made by Charles P. Schertz, the defendant, payable to Joseph Rowe, the plaintiff, for $1,500, due 22 years after date with six per cent interest per annum, the interest payable annually and if not paid annually, to become part of the principal and bear the same rate of interest; on which the following credits are indorsed: December 13,

1892, interest one year $90. November 6, 1893. interest one year, and compound interest thereon to December 3, 1893; February 25th, 1896, interest to date and February 25, 1896, $315.15; leaving a balance of principal on note of $1,184.85; and interest on this reduced principal from one year from February 25, 1896, to February 25, 1897, suit is brought amounting to $71.09.''

That he failed to indorse on the back of the note, the fact that it was filed for suit; that after the attachment by Mr. Robards was made, he (Robards) made a request that he be permitted to take the note and lock it up in his safe until the day set for the hearing of the case, as it would be safer with him than in witness' office. To this proposition he assented and the note was delivered to Mr. Robards and kept by him until the day set for the hearing, when it was returned, produced on the trial and was sent up with the transcript to the common pleas court. The court on the hearing of this evidence ordered the justice to amend his transcript in accordance with the facts, which was done.

We discover no error in these rulings of the court. It was competent to take the testimony of the justice to prove a fact which he was required to note in his docket, but of which the docket was silent. State v. Hockaday, 98 Mo. loc. cit. 592; Sutton v. Cole, No. 6772, and Boughton v. Omaha Loan & Trust Co., No. 6879, decided at the January, 1898, term of this court (not yet reported). It was also a proper direction to the justice to amend his transcript to conform to the facts as proven, i. e., that the note was filed for suit before him. R. S. 1889, sec. 6336; Smith v. Chapman, 71 Mo. 217. The delivery of the note to the justice for suit for the amount (the interest) then due, was all the plaintiff was required or could do, and the failure of the justice

POWER of justice to amend entries in docket.

to mark the note "filed" or to make an entry of it in his docket, was not the fault of the plaintiff, nor did these omissions on the part of the justice deprive him of jurisdiction to hear the cause.  The delivery of the instrument to the justice for suit, was in contemplation of law a filing of the instrument for suit.  Grubbs v. Cones, 57 Mo. 83; Baker v. Henry, 63 Mo. 517; State v. Grate, 68 Mo. loc. cit. 26; Collins v. Kamman, 55 Mo. App. 464; Bensley v. Haeberle, Admr., 20 Mo. App. 648; Randall v. Lee, 68 Mo. App. 561.  The temporary withdrawal of the note after being deposited with the justice, did not deprive him of jurisdiction. It was produced at the hearing and forwarded to the court of common pleas with the transcript.  No one was prejudiced by its temporary withdrawal.  Randall v. Lee, *supra;* Crenshaw v. Ins. Co., 71 Mo. App. loc. cit. 47.

The appellant contends that according to the contract as expressed in the face of the note, the interest if not paid, became merged in the principal sum of the note and was not due until the full maturity of the note.  This reasoning is fallacious.  The interest became due annually, and the fact that it was to be compounded with the principal, if not paid, did not have the effect to postpone its payment until the maturity of the whole note, nor did the plaintiff by this stipulation waive his right to sue for and recover the annual instalments of interest as they matured.  Waples v. Jones, 62 Mo. 440; Carter v. Carter, 41 N. W. Rep. 168; s. c., 76 Iowa, 474; Stoner v. Evans, 38 Mo. 461; Coslio v. Martin, Admr., 11 Mo. App. 251.  Finding no error in the record, the judgment is affirmed.  All concur.