## F. R. Fox v. S. M. GRAY, *et al.,* Appellants.

**Mortgage:** RIGHT TO FORECLOSE: *Default in Interest.*  A mortgage subsequently made in pursuance of a written agreement to do so when a note was executed which it secured, provided that on default in payment of interest the whole debt was to become due and collectable   *Held,* that the fact that no such provision for maturity and collection was made in the note, was no defense to a foreclosure, regardless of the fact that the mortgage was in pursuance of a written agreement.

SAME.  A mortgage containing a condition that failure to pay any installment of principal or interest when due, renders the mort⌐ gage subject to foreclosure at the holder's option, may be foreclosed for a failure to pay an installment of interest, although the note secured by the mortgage states that interest is payable annually, and that interest when due is to become principal and draw a specified rate of interest.

CONSIDERATION.  The makers of a note agreed to secure it with a mortgage upon certain property as soon as they secured title thereto, and by agreement the payee was to transfer to the makers of the note a certain judgment and note, which she did.  *Held,* that the assignment of the judgment and transfer of the note were a sufficient consideration for the subsequent execution of the mortgage.   ·

Appeal.  The cost of an additional abstract filed by appellee will be taxed to him where it merely presents matter about which there is no question, though the amendment was not stricken from the files, on motion.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, MAY 14, 1898.

THE defendants executed to plaintiff a promissory note, of which the following is a copy: "$600.00. Marion, Iowa, March 1, 1895. On or before three years after date, for value received, I promise to pay F. R. Fox or order six hundred dollars, payable annually, at the rate of seven per cent. per annum until paid; interest, when due, to become principal, and draw seven per cent. interest. If this note is not paid when due, I agree to pay all reasonable costs of collection, including attorney's fees. S. M. Gray. J. M. Gray." At the time of the execution of said note, the defendant had contracted for the purchase of certain real estate, and they entered into a written agreement with plaintiff that when they obtained the title they would execute the mortgage thereon to secure payment thereof. Thereafter defendants got title to the real estate, and executed such mortgage to plaintiff. The material parts of this instrument are as follows: "To be void on condition that S. M. Gray and J. M. Gray shall pay or cause to be paid to said F. R. Fox or assigns their certain promissory note, dated March 1, 1895, for $600, due on or before three years after date, with interest at seven per cent. from date, payable annually. Failure to pay any installment of principal or interest when due forfeits the unexpired time, and renders this mortgage subject to foreclosure, at the option of the holder." On August 1, 1896, plaintiff brought this action on said note, and for the foreclosure of the mortgage; alleging that the interest due March 1, 1896, was unpaid, and that he exercised the option to claim the whole amount of principal and interest as due. There was a demurrer to the petition on the ground that the note disclosed by its terms, that it was not due. This was overruled. Defendants answered, setting up the same claim. Plaintiff's demurrer to the answer was sustained. Defendants

electing to stand thereon, a judgment and decree were entered in plaintiff's favor, and from this action of the court defendants appeal.— *Affirmed*.

*C. J. Haas* for appellants.

*Richard A. Stuart* for appellee.

Waterman, J.—Defendants move to strike appellee's additional abstract from the files and tax the cost thereof against him. This motion will be sustained, to the extent of taxing the costs of this abstract to the appellee. It presents only the acknowledgment of the mortgage, about which there was no question, and which was therefore wholly unnecessary.

II. Appellee's denial of the correctness of appellant's abstract, and his objections to the assignments of error, are without merit. This brings us to the real issue involved.

III. The claim of defendants is that by the terms of the note, the interest was not to be paid annually, but that they had the option to so pay it if they chose; if they did not so elect, the interest was to become principal, and could only be collected when that fell due. They rely for support in this contention upon *Wood v. Whisler*, 67 Iowa, 676. In that case, however, it is said, "Neither the note nor mortgage provides for the payment of interest annually." This we regard as an important distinction, for in the case at bar both the mortgage and note provide that the interest shall be "payable annually." We think this case is ruled by that of *Carter v. Carter*, 76 Iowa, 474.

IV. But it is insisted by appellants that the note does not provide that default in the payment of interest shall make the whole debt due and collectible, and that

the provisions of the mortgage cannot be considered in this connection. The reason given for this contention is that the mortgage was not executed contemporaneously with the note, and there was no consideration for it, so far as it attempts to change the original contract. There is no foundation for this position. The mortgage was made in pursuance of a written agreement to do so, which was executed when the note was given. It was as much a part of the original transaction as though made at the same time. It was voluntarily executed by defendants, and was accepted and acted upon by plaintiff. We do not think defendants now are in any situation to claim that they are not bound by its terms. But it seems there was a valuable and independent consideration for the mortgage, if it were needed. It appears by the written agreement made at the time of executing the note that plaintiff was the owner of a certain judgment and note against one Daniels, which he was to transfer to defendants as a part consideration for the note in suit, and that he was to retain these in his own name and possession until the mortgage was executed, and then deliver them to defendants. Defendants set up these facts. They allege performance of this agreement on their part, and they do not deny that plaintiff performed it on his part. The assignment of the judgment and the transfer of the note would surely be a sufficient consideration.

V. A stipulation in the mortgage, alone, that a failure to pay interest when due shall cause the whole debt to become due, is sufficient. *Smalley v. Ranken,* 85 Iowa, 612; *Hawes v. Insurance Co* (Mich.) 67 N. W. Rep. 329.

We discover no error in the action of the trial court, and its judgment is AFFIRMED.