[No. 18402.   Department One.   April 24, 1924.]

HUNTERS CATTLE COMPANY, *Respondent*, v. CARSTENS
PACKING COMPANY, *Appellant*.[1]

CONTRACTS (104)—MODIFICATION—CONSIDERATION—EXECUTORY CON-
TRACT. While a contract for a continuing performance remains ex-
ecutory in a substantial measure on both sides, an agreement for a
modification is not void for want of consideration.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered June 26, 1923, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action on contract.   Affirmed.

*Stephens & Jack*, for appellant.
*Roy A. Redfield*, for respondent.

PARKER, J.—The plaintiff cattle company seeks re-
covery of the agreed value of hay fed to cattle of the
defendant packing company in pursuance of a contract
between the parties.   A trial upon the merits in the
superior court for Spokane county, sitting with a jury,
resulted in verdict and judgment awarding to the
plaintiff recovery, from which the defendant has ap-
pealed to this court.

The only question here to be considered is as to
whether or not the trial court erred to the prejudice
of appellant in admitting evidence of a claimed modi-
fication of the oral contract between the parties; the
contention being that such claimed modification of the
original contract was void because without consider-
ation supporting it.   It was agreed in the original con-
tract, in so far as we need here notice its terms, as
follows:

[1] Reported in 225 Pac. 68.

"Hunters Cattle Company agree to drive what cattle Carstens Packing Company ships to Pateros, Washington, to their ranch, take care of the cattle while in their charge, give them all the cut hay cattle can eat without waste, in good tight feed boxes, . . . All this free of charge except for the actual hay weight fed to cattle at $9.00 per ton."

This contract was entered into on December 4, 1922. A large number of cattle was received by respondent from appellant under this contract. About a month later, while the cattle were still in respondent's care and being fed by it, the original contract was orally modified, as alleged by respondent and manifestly found by the jury, in that "the obligation to feed cut hay in feed boxes was changed so that plaintiff was required only to feed the animals by spreading hay on the clean snow in their corral." At the time of this modification of the original contract, it was clearly executory in a very large measure, both on the part of appellant and respondent; the cattle not only then still being in the care of respondent for appellant, but it being then apparent that such continuing performance of the contract would extend over a considerable time in the future.

Counsel for appellant, in support of their contention of want of consideration supporting this modification, cite and rely almost wholly upon our decision in *Tacoma & Eastern Lumber Co. v. Field & Co.*, 100 Wash. 79, 170 Pac. 360. A critical reading of that decision, we think, will disclose that the contract there drawn in question, it being a sale of lath, was wholly executed on the part of the vendor, who had delivered all of the lath in accordance with the terms of the contract, and nothing remained but for it to receive payment therefor from the purchaser of the lath, the measure of which payment was provided for by the

express terms of the contract. Such is not this case. But even in that decision we recognized the general rule, citing authorities therefor, that, while a contract remains executory in a substantial measure on both sides, an agreement to annul or modify on one side is a consideration for an agreement to annul or modify on the other side. Plainly we think such was the condition attending the performance of this contract at the time of its modification by the parties. Our decision in *La Plante v. Hubbard,* 125 Wash. 621, 217 Pac. 20, and others therein cited, plainly indicate that this court has consistently held to this view of the law. We conclude that the modification of the contract as claimed by respondent and found by the jury is not void for want of consideration supporting it, and that therefore the question of such modification being made was proper to be considered upon the trial of the case.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.