[No. 25483. *En Banc.* November 18, 1935.]

KATE STAUFFER, *as Administratrix, Appellant,* v. THE
NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY, *Respondent.*[1]

*G. D. Eveland* and *Clarence J. Coleman,* for appel-
lant.

*Allen, Froude & Hilen,* for respondent.

[1]Reported in 51 P. (2d) 390.

STEINERT, J.—Plaintiff brought this action to recover upon a life insurance policy. Defendant demurred to the complaint, but subsequently tendered and paid into the registry of the court, as and in full settlement of all liability under the policy, an amount less than that sued for in the complaint. Plaintiff refused to accept the tender, but insisted upon recovery of the full amount prayed for, and, accordingly, elected to stand upon her complaint. Defendant thereupon moved for judgment on the pleadings, and the court, being of the opinion that the complaint, did not state a cause of action for any sum in excess of the amount tendered, gave judgment in that amount, but denied recovery for any sum in excess of the tender. Plaintiff has appealed from so much of the judgment as constitutes a dismissal of her claim for a greater amount.

Stated in their chronological order, the facts as set forth in the complaint are these: January 14, 1905, the respondent insurance company issued and delivered its policy of life insurance in the sum of five thousand dollars to Joseph E. Stauffer, the insured named therein. The policy contained a loan provision reading as follows:

"If this Policy has not been extended as term insurance, the Company will loan up to the amount indicated in the Table below for the number of years the Policy has been in full force at not to exceed six per cent. *annual interest,* upon a satisfactory assignment of the Policy to the Company as collateral security, and subject to the regulations of the Company relating to Policy loans." (Italics ours.)

According to the table referred to, the loan value of the policy after it had been in force for seven years was $1,280; its cash surrender value at that time was $1,425.

At the time of the issuance of the policy, the respondent, according to the complaint, had not adopted any regulation for charging more than simple interest on loans made by it upon its policies.

June 6, 1911, Mr. Stauffer borrowed from the company the sum of $1,280, which was the full amount that could be borrowed on the policy at that time. The transaction was evidenced by a single written instrument which, in form, was a promissory note with a supplementary agreement subjoined, both signed by Mr. Stauffer. That instrument reads as follows:

"THE NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY

"$1,280          Milwaukee, Wis., June 6, 1911.

"For value Received I, Joseph E. Stauffer, promise to pay to the order of The Northwestern Mutual Life Insurance Company at its office in the City of Milwaukee, in the State of Wisconsin, the sum of One Thousand two hundred eighty Dollars, with interest thereon from the date hereof until paid at the rate of six per cent. per annum, payable annually.

"Payment of this note, or of any part not less than Fifty (50) Dollars, may be made at any time.

"JOSEPH E. STAUFFER.

"IN CONSIDERATION of the loan evidenced by the foregoing note and as security for the payment of the same, both principal and interest, I Joseph E. Stauffer hereby assign, transfer and set over to The Northwestern Mutual Life Insurance Company, Policy No. 607309, issued by said Company, on the life of said Joseph E. Stauffer and all dividend additions thereto.

"In case of the non-payment of any interest on said note when due, such interest shall be added to and become a part of the principal of said note and shall bear interest at the rate aforesaid, and if and whenever on any day the amount of such principal together with the interest accruing upon the same shall equal the then cash surrender value of said policy and dividend additions thereto if any, the said policy and dividend additions shall thereupon become void without action on the part of said Company and be

deemed surrendered in consideration of the cancellation of said loan.

"If said policy shall become paid-up insurance, said loan will be continued under the terms hereinbefore provided, but if said policy shall become extended term insurance, the existing indebtedness under said loan shall be adjusted as provided in said policy.

"This assignment may be terminated at any time upon payment in cash of the principal and interest of said loan.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal the 6th day of June, A. D. 1911.

"JOSEPH E. STAUFFER (Seal)

"Signed and delivered in presence of:

"MYRON S. NORWAY

"WM. E. SIMM

"Witnesses."

The policy, which by reference was made a part of the complaint, contained a further provision to the effect that, if any indebtedness should exist against the policy, then the loan and cash values would be reduced to the extent of such indebtedness, and the amount of the insurance would be reduced in the ratio of the indebtedness to the reserve for such insurance.

No interest was ever paid on the note, and in consequence thereof, respondent, proceeding under the terms of the subsequent agreement, added the interest to, and made it a part of, the principal, to bear interest at the rate of six per cent per annum from the time of such addition.

Mr. Stauffer died September 26, 1933, and appellant thereafter became the administratrix of his estate.

The respondent deducted from the face amount of the policy the principal of the loan plus interest compounded annually, and tendered the balance in full payment. The appellant refused to accept the amount tendered, claiming that, under the terms of the policy, the insured was entitled to obtain the loan at *simple*

interest, and that, therefore, the subsequent note and agreement, taken together, were without consideration so far as *compound* interest was concerned. The amount in controversy is $2,081.46, which appellant claims is interest in excess of what respondent was entitled to charge upon the loan.

The question here is whether the insurance company was entitled to charge compound interest or only simple interest.

The respondent contends that, under the provision of the policy first above quoted, the insured was required, and could have been compelled, to pay the interest upon his loan *annually;* whereas, by the subsequent agreement, the only effect of non-payment of interest was to have it added to the principal, and thus cumulate the principal until it equalled the cash surrender value of the policy. The consideration for the privilege of deferring the payment of interest, respondent contends, constituted a sufficient consideration for the charging of compound interest. The appellant, on the other hand, contends that the provision of the policy called for a straight simple-interest bearing loan, the interest to run concurrently with the principal and both to be payable at the same time; and that, therefore, there was no consideration for the superadded charge made under the subsequent note and agreement.

For the purpose of the argument, we shall assume, as respondent contends, that the words ''at not to exceed six per cent annual interest,'' contained in the provision of the policy above quoted, mean interest at a rate not to exceed six per cent per annum, *payable annually.* Upon that construction of the policy, the insured was entitled to a loan of $1,280, upon which he would have been required to pay the interest annually. He would not, however, have been

required to pay more than simple interest on the loan. Had the loan then been made according to the terms of the policy, the company would have had the right to bring suit for the interest when due, if unpaid, but that would have been its only right, at least until such time as the indebtedness on the loan equalled or exceeded the loan value or cash value of the policy.

Under the original terms of the contract of insurance, there was no agreement or obligation on the part of the insured to pay compound interest. To create an obligation to pay compound interest, there must be a direct promise to do so, and it is not enough that the note or contract merely provide for *annual payment* of interest. *Cullen v. Whitham,* 33 Wash. 366, 74 Pac. 581; *Lacey & Co. v. McCarthy,* 168 Wash. 579, 13 P. (2d) 11.

The first suggestion of any obligation to pay compound interest appears in the subsequent note and agreement. To that extent, therefore, the subsequent agreement modified the original terms of the policy. The rule is well settled in this state that, if a contract has been executed by one of the parties thereto, it cannot be modified except by an agreement supported by new consideration. *Tacoma & Eastern Lumber Co. v. Field & Co.,* 100 Wash. 79, 170 Pac. 360; *Hunters Cattle Co. v. Carstens Packing Co.,* 129 Wash. 377, 225 Pac. 68; *Vigelius v. Vigelius,* 169 Wash. 190, 13 P. (2d) 425; *Fuller v. Deacon,* 172 Wash. 489, 20 P. (2d) 843.

Mr. Stauffer, having paid the premiums for seven consecutive years, was entitled by the original terms of the policy to a loan at a rate of interest not to exceed six per cent per annum, payable annually. Having performed his part of the contract, he was entitled to have respondent perform its part. The respondent could not thereafter impose an additional

burden upon the borrower without some moving consideration therefor. *Bozeman's Adm'r v. Prudential Ins. Co.,* 130 Ky. 572, 113 S. W. 836; *Hubbard v. Equitable Life Assurance Society,* 81 W. Va. 663, 95 S. E. 811, 4 A. L. R. 886.

So, then, we are brought to the question whether there was any consideration for the subsequent note and agreement in so far as they required payment of compound interest. The only consideration that is suggested in the briefs, or that could be suggested, is that, by the terms of the subsequent agreement, Mr. Stauffer was relieved of the obligation to pay the interest annually and was given the option of having the interest added to, and becoming a part of, the principal.

The difficulty with this contention is that the subsequent agreement is not couched in terms of an option at all. It merely provides that, if the interest is not paid when due, it shall be added to, and become a part of, the principal. By that agreement, the company did not waive its right to sue for the overdue interest. To the contrary, it acquired the additional right to have the interest added to the principal. Whatever option may be implied in the terms of the subsequent agreement is one running in favor of the insurance company, not in favor of the insured.

Where a note or contract contains an express promise to pay interest at stated periods, followed by a provision that, if the interest is not so paid, it shall be added to the principal and draw interest accordingly, the payee in the note or contract does not waive or lose his right to sue for the unpaid interest when due. *Carter v. Carter,* 76 Iowa 474, 41 N. W. 168; *Fox v. Gray,* 105 Iowa 433, 75 N. W. 339; *Rowe v. Schertz,* 74 Mo. App. 602; *Waples v. Jones,* 62 Mo.

438

440; *Meyer v. Graeber,* 19 Kan. 165; *Graves v. Davidson,* 334 Mo. 882, 68 S. W. (2d) 711.

It must, therefore, be held that there was no consideration for the subsequent agreement by the insured to pay interest on interest. Since there was no consideration therefor, the agreement is not enforcible in that respect. With that feature of the case eliminated, the complaint stated a cause of action, and the demurrer should not have been sustained.

The judgment is reversed, with direction to the trial court to overrule the demurrer.

HOLCOMB, BLAKE, BEALS, TOLMAN, MAIN, and MITCHELL, JJ., concur.