JOHN TIERNAN, RESPONDENT, *v.* NICHOLAS TRE-
WICK, ET AL. APPELLANTS.

1. CONVERSATION WITH JUROR PENDING TRIAL.—A conversation had with a juror, pending a trial, which does not tend to influence his mind, or involve any of the material issues, is not sufficient ground for a new trial. A verdict will not be set aside on the ground that strangers to the suit have interfered with the jury, when it appears that such interference was unattended with corruption, and was not promoted by a party to the action.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A party will not be allowed a new trial, after having submitted his case upon such testimony as he thought proper to introduce in support of the main and essential issue of fact involved therein, by a showing that he has subsequently discovered *additional* pertinent evidence upon the same issue, unless it clearly appear that such evidence will change the result, and that the strictest diligence would not have enabled him to produce the same at the trial.

Appeal from the Third District Court.

Action to recover possession of a portion of the Live Pine Mining Claim, in the West Mountain Mining District, alleged to be in the possession of defendants; also, for a perpetual injunction. At the trial the plaintiff had judgment as prayed for; whereupon defendants (appellants) moved for a new trial, upon the two grounds mentioned in the opinion.

The newly discovered evidence, as shown by the affidavits of the defendants, consisted of a drift run on the Live Pine vein or lode, and which is shown in the record of the cause by a map attached to the affidavit of William Galligher, at a point in the Live Pine tunnel marked " A."

One of the points of controversy on the trial was as to the continuity of the Live Pine vein or lode from the point of its discovery to where the connection was made between the workings of the Live Pine and St. John's lode, shown on the map near the end of the Live Pine tunnel.

About this the evidence was extremely conflicting; a great

number of witnesses testified that the Live Pine vein or lode was abandoned at point " A," as show on the map attached to Galligher's affidavit, and thereafter ran upon a series or succession of cross fissures and through country rock until they reached a point designated on said map by the letter "G," where they first struck the St. John's lode, and which was a separate and distinct vein or lode from the Live Pine, or the different seams or fissures which had been followed and crossed in the Live Pine tunnel.

Other witnesses testified to the continuity of the vein from the point of its discovery to the point where the connection was made with the St. John's workings, and that they were one and the same. The chief point of conflict was as to whether the Live Pine lode or vein was not abandoned at point " A."

*Baskin & De Wolfe*, for appellants.

The evidence offered by this motion is new, for it did not exist at the time of the former trial.

For the same reason, it could not have been obtained at the former trial.

It is material to the issue.

It goes to the merits and not to the impeachment of any witness. It is not cumulative.

While applications for new trials are addressed to the sound discretion of the court in modern practice, they are liberally granted in furtherance of justice. 3 Wait's Pr. 400; *Tyler* v. *Hornbeck*, 48 Bur. 197; *Plate* v. *Munroe*, 34 Bur. 291; 1 Nev. 503.

A second ground of motion for a new trial was misconduct on the part of one of the jurymen who tried the cause, as shown in the affidavit of Wm. G. Galligher. The defendants, in their counter affidavit, attempt to show that the conversation between the juryman Brower and the witness Silas R. Beebe, was of a harmless nature, and as no harm could result from it, that the verdict should not be disturbed.

Any misconduct on the part of a jury, in violation of their oaths, is a sufficient ground for granting a new trial. 6 Nev. 300; 7 Cow. 562; 3 Wait's Pr. 399, and cases cited.

For the foregoing reasons, we think the order of the Third District Court, overruling the motion for a new trial, should be reversed and a new trial awarded.

*Marshall, Royle & Hall*, for respondents.

The grounds of the motion for a new trial were:

*First*—Misconduct of the jury in the former trial.

*Second*—The newly discovered evidence material for the defendants, which they could not with reasonable diligence have discovered and produced at the trial.

As to the first of these propositions, we hold that in order to set aside a verdict and grant a new trial on account of the misconduct of the jury, it must affirmatively appear that the party making application has been actually prejudiced thereby. *Hager* v. *Hager*, 38 Barb. 101–103; 29 Barb. 198; 22 Cal. 353.

The interference complained of was not by the respondent, and there is no evidence that he knew of it at the time, or promoted it in any manner. In such cases the court does not feel bound, as a matter of course, to set aside the verdict.

If it clearly appears that no injustice has been done, and that the conversation with the juror did not influence the verdict, the court will not disturb the finding, although they may severely censure or punish any attempt to tamper with the jury. *Nesmith* v. *Clinton Fire Insurance Co.*, 8 Abb. Pr. Rep. 141, 142; 20 Mo. 398, 399.

As to the second, we hold that the appellants must show affirmatively that the evidence is new, material and not cumulative; that the applicants have used due diligence in preparing their case for trial; that the new evidence was discovered after the trial, and tends to prove facts which were not then known or investigated by proof. *Bartlett* v. *Hodgden*, 3 Cal. 55.

Diligence for trial must be shown, and new evidence must

be more than cumulative. *Bowen* v. *Rutterford*, 60 Ill. 44; 14 Ill. 139; 17 Ill. 403; 24 Ill. 189; 34 Cal. 314; 35 Cal. 41; 3 Nev. 539; Pr. Act, § 159.

Motions for new trials on newly discovered evidence regarded with distrust. 16 Cal; 35 Cal. 684.

EMERSON, J., delivered the opinion of the court:

This appeal is from the judgment and order of the court overruling the appellants' motion for a new trial.

The first ground for the motion is "misconduct on the part of the jury in the former trial."

The alleged irregularity is on the part of one of the jurors, and, as stated in the affidavit accompanying the motion, consists in this: "That during the trial of said cause by jury, and during a recess of the court, that he observed Silas Beebe, one of the witnesses for the plaintiff, talking about said case and explaining the map exhibited by the plaintiff, to one Brower, a juryman, sitting at that time on said case; and that Marshall, one of the attorneys for the plaintiff, coming in about that time, said to him, 'Here, Beebe, none of that.'"

In a counter affidavit, filed by the respondent, what purports to be the whole of the conversation is given, and is as follows:

"Silas R. Beebe, first being duly sworn, on his oath states, that he is over twenty-one years of age; that he was examined as a witness in the above entitled action; that he has read the affidavit of W. G. Galligher, on file in said action on motion of said defendants for a new trial therein; that the only explanation or conversation he, affiant, ever had with any juryman during said trial, was in reference to the map used by the plaintiff on the trial, and consisted of the following, viz.: One of the jurymen, Brower, remarked to affiant, pointing to plaintiff's map, that it was well gotten up; said how well the star was made, and asked him, affiant, who made it; affiant responded by saying he thought Eastman had made it for Mr. Tiernan. The juryman then said, 'It is well gotten up; I know something about that kind of work myself;' and the

conversation or explanation here ended.   This was during recess of the court, when quite a number of persons were present; that affiant said nothing to any juror on the trial of said action of or concerning any of the facts to be or given in evidence of said action, or anything concerning the merits of same; that he has no interest in the result of said action; and further this deponent saith not."

This is all the record contains in relation to the subject.

The conversation related solely to the mechanical execution and appearance of the map.   Not a word is said or suggestion made about its correctness on the subject matter of the controversy.

There is nothing detailed in the conversation which can in any possible manner be tortured into an undue, or even any, influence upon the mind of the jurors.   It would be an extremely dangerous precedent to establish, to set aside this verdict upon the showing of the appellant.   It was a mere casual conversation, such as is liable to occur in almost every trial, and especially in the trial of a mining case, and was, moreover, wholly immaterial and unprejudicial.   The fact of the conversation, such as it was, was wholly unknown to the respondent, and therefore was not promoted by him.

"When the interference of strangers with the jury is unattended with corruption in the latter, and has not been promoted by a party, and it does not appear that any injustice has thereby been done, the verdict will not be disturbed, whether the cause be civil or criminal, a capital trial or otherwise."   2 Graham & Waterman on New Trials, 317; *People* v. *Boggs*, 20 Cal. 432.

The second ground of the motion is:   "Newly discovered evidence, material for the defendants, which they could not with reasonable diligence have discovered and produced at the trial."

It is conceded by the appellants, that the great point of controversy on the trial was as to the continuity of the Live Pine vein or lode through the tunnel claimed to have been run on

that lode or vein, and particularly from a point marked " A."
to the working of the St. John lode.

The theory on the part of the appellants, upon which the
case was tried, seems to have been that the Live Pine vein was
abandoned at the above named point; and from there the tun-
nel run through country rock until it reached a point where
it struck the St. John's lode, which latter the appellants claim
is a separate and distinct vein or lode from the Live Pine.  It
is conceded that the testimony upon this point was very con-
flicting.  After the trial, the appellant ran a small drift, start-
ing at the point " A." above referred to, to demonstrate their
theory of the case.

It is this drift, and the evidence claimed to be afforded by
it, which constitutes the newly discovered evidence, upon
which the motion for a new trial was made.

The counter affidavits filed in opposition to the motion,
show that the same conflict of testimony exists as to the char-
acter of the evidence disclosed by this drift, as existed at the
trial.

In the language of the court below, in deciding the motion,
" The affidavits presented by the respective parties on this mo-
tion, present the point of controversy in, as nearly as may be,
the same light in which it was presented by the evidence on
the trial, and would not change the verdict if a new trial was
granted.

Even if this testimony was conclusive, we are satisfied that
the appellants were guilty of negligence in failing to produce
it at the trial.

The appellants' theory of the case, the theory upon which it
was tried, would suggest that he should have done before
the trial, and as a necessary preparation for it, what was
neglected until he had taken the chances of a verdict with-
out it.  No effort whatever was made to procure this evi-
dence, and no reason given for the neglect.

If there had not been sufficient time after the issue was
joined, and before the trial, to have made this development,

John Tiernan v. Nicholas Trewick et al.

under the provisions of the 159th section of the Practice Act, he could have obtained a continuance for this purpose. If the respondent would not have allowed it, while the temporary injunction was pending, an order of the court could have been obtained, or at least some effort made to obtain it, modifying the injunction to that extent. At any rate, it does not appear that there was any difficulty in making the explanation until after the trial, and when injunction had been made perpetual.

It is clear that the issue to which this new testimony is directed was the main and essential issue involved in the case, and a party is supposed to know when he is ready for trial upon these, " and he cannot be allowed a new trial after having submitted his case upon such testimony as he thought proper to introduce in support of those issues of fact, by a showing that he had subsequently discovered additional pertinent evidence upon the same issue, unless it is clear that such evidence would change the result, and that the strictest diligence would not have enabled him to produce the same on the trial.

Judgment affirmed, with costs.

BOREMAN, J., and SCHAEFFER, C. J., concur.