JOHN FENDLER ET AL., Respondents, *v.* OLIVER DEWALD, Appellant.

### May 29, 1883.

1. NEW TRIAL — PRACTICE. — Appellate courts will not reverse a judgment for a refusal to grant a new trial, unless the trial court has abused its discretion.

2. —— A new trial will not be granted because of remarks made by witnesses, out of court, in the hearing of the jurors, unless such remarks have an apparent tendency to prejudice the losing party.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

P. LEAHY, for the appellant.

O. G. HESS, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action on an account, commenced before a justice of the peace and tried anew in the Circuit Court. The evidence was quite conflicting, so much so as to lead to an unavoidable inference that some of the witnesses were guilty of perjury. The testimony of the plaintiff, Mrs. Fendler, and her witnesses, was sufficient to support the verdict which the jury rendered in her favor. The testimony of the defendant and his witnesses went equally to show that he owed her nothing. The court gave all the instructions which were asked by either party, and these instructions appear to have put the case to the jury in a manner free from objection.

The substantial ground on which a new trial is sought is, that during a recess of the court, while the cause was on trial, some of the jurors, who had remained in the court-room, " did converse with and listen to the statements of the witnesses for the plaintiff; * * * which said witnesses were not then on oath; * * * that the statements

and conversations of said witnesses, so made and carried on in the presence and hearing of said jurors, were calculated to prejudice the rights of this defendant." The affidavits, in support of this charge, are, all of them except one, the affidavits of the defendants and his witnesses, and there are counter-affidavits filed by the plaintiff and her witnesses. The single affidavit made by a person not a witness was that of the deputy sheriff, who had charge of the court-room at the time. He deposed that "three or four of the jurors; * * * during the recess of the court, and before the trial of the said cause was fully terminated, remained and listened to statements, discussions, and accusations of the plaintiff, Mary Fendler, and her sisters and witnesses, against defendant's witnesses in relation to the case on trial, * * * and so remained until separated by this affiant."

The affidavits of the defendant's witnesses are to the effect that the plaintiff and her sisters, who were witnesses in her behalf, at the time in question, used loud, boisterous and insolent language towards the defendant and his witnesses, who had remained in the court-room, accusing them of having sworn falsely. The counter-affidavits of the plaintiff and her witnesses tend to show that some warm words passed between the respective parties and witnesses, or some of them, as to why they had appeared and testified against each other, as they had done. None of these affidavits show that any statements, in the nature of evidence, were made in the hearing of the jurors, which would have had a tendency to influence them one way or the other.

The learned judge who had heard these witnesses at the trial, who knew the bailiff who had charge of the court-room, and who had better opportunities than we have of coming to a sound conclusion as to the value of their statements, did not deem the affidavits a sufficient ground for a new trial. The rule of the law is, that the granting of new

trials on such grounds as this, is a matter which addresses itself to the sound discretion of the judge who presided at the trial, and that his ruling will not be reversed on appeal unless it appears that his discretion was abused. The rule which is generally laid down for the exercise of this discretion in civil cases is, that a new trial will not be granted because of communications out of court between jurors and witnesses, or remarks made by witnesses in the hearing of jurors, unless such communications or remarks have an apparent tendency prejudicial to the unsuccessful party. *Thrift* v. *Redman*, 13 Iowa, 25 ; *Jones* v. *Vail*, 30 N. J. L. 135 ; *McIlvaine* v. *Wilkins*, 12 N. H. 474 ; *Jackson* v. *Jackson*, 32 Ga. 325, 335 ; *Tiernan* v. *Trewick*, 2 Utah, 393. Proceeding in conformity with this rule, we can not say, in the face of the opinion of the judge who presided at the trial, that the facts disclosed by these affidavits prejudiced the case of the defendant in the minds of the jury.

The judgment is accordingly affirmed. All the judges concur.