AUGUST HAHN, Respondent, v. KENEFICK & GLEASON, Appellants.

Kansas City Court of Appeals, March 7, 1892.

**Partnership:** DISSOLUTION: OSTENSIBLE CONTINUANCE. If there is no notice of the dissolution, and the retiring partner knowingly permits the use of his name in such a manner as to carry conviction of the continuance of the partnership, he will be liable for the act of the continuing partner, even though the partnership be in fact dissolved.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Chase & Powell*, for appellant.

The credit was given to J. P. Gleason, as is evidenced by the fact that the due bills or time checks cashed by plaintiff were signed by J. P. Gleason only, and

there is no evidence that plaintiff had any knowledge of Kenefick & Gleason ever, at any prior time, having been partners, at the date he cashed these time checks. *Gates v. Watson*, 54 Mo. 585. And further the court will notice that in no case does the evidence show that defendant Kenefick at any time held himself out as a partner of J. P. Gleason. Hence he cannot be held in this action. *Gates v. Watson*, 54 Mo. 590. This was a non-trading firm, and partners in a non-trading firm have no power to bind each other by commercial paper executed in the name of the firm; and much less had defendant Gleason power to bind Kenefick by due bills or evidences of indebtedness executed for his individual account and in his own name only. *Deardof's Adm'r v. Thacher*, 78 Mo. 128.

*A. M. Allen*, for respondent.

(1) To render a person liable as a partner, it is not necessary that there should be a partnership *inter sese;* it is sufficient to bind him, that he so acted and conducted himself towards the public as to induce a reasonable person to deal with him, in the honest belief that such partnership existed. *Rimel v. Hayes*, 83 Mo. 200; *Gates v. Watson*, 54 Mo. 581. (2) If a former partner suffers his name to appear as still belonging to a firm from which he has retired, he will be held liable to anyone, who, by his conduct in this particular, has been misled into giving credit to the firm. *Dowzelot v. Rawlings*, 58 Mo. 75; *Benjamin v. Covert*, 47 Wis. 374. (3) Public notice of dissolution is required to protect a retiring partner from future claims of persons who have had no previous dealings with the partnership, but who have knowledge of the persons who composed the firm. *Pratt v. Page*, 32 Vt. 13; *Bank v. McCheaney*, 20 N. Y. 240; *Wood v. Railroad*, 9 Hun, 648; *Southwick v. McGovern*, 28 Iowa, 533; *Holdman v. Butterworth*, 5 Bos. 1; *Polk v. Oliver*, 56 Miss. 566; *Southern v. Grim*, 67 Ill. 106.

GILL, J.—In August, 1888, defendant Kenefick and one Gleason, as partners under the firm-name of Kenefick & Gleason, contracted with Jackson county to grade and macadamize the two roads running south from Kansas City, and known as the Wornall road and Troost avenue. During the progress of the work on the Wornall road, Gleason, who was in charge of that division of the work, arranged with plaintiff Hahn at Westport to advance the money for the payment of the hands. This was accomplished by means of orders on Hahn given by Gleason to the men. Plaintiff cashed these orders, and occasionally Gleason would call, and, as money was procured from the county, would pay Hahn on account of the money so advanced. This arrangement continued till the work was completed about the first of April, 1889, when there was a balance due Hahn of about $1,100. For this, suit was brought against Kenefick & Gleason. The latter made no defense, but Kenefick contested the claim and denied liability, alleging that he was not a partner of Gleason. On trial before a jury plaintiff recovered, and defendant Kenefick appealed.

From a careful consideration of this record there appears little reason for this appeal. That plaintiff advanced this money to and on the credit of the copartnership of Kenefick & Gleason, and not to and on the credit of Gleason individually, is scarcely subject to a reasonable doubt. However, the trial court submitted that question to the jury, and they found that the advances were made to and on the credit of Kenefick as well as Gleason.

Unquestionably, Kenefick and Gleason were copartners in taking the contract of improving Wornall road. But Kenefick says that immediately upon getting the contract from the county the partnership was dissolved; that the work was divided, he taking Troost avenue and Gleason the Wornall road. But whether this statement is true or false, certain it is that the public

and this plaintiff were left in ignorance of any change in the firm. There was no notice given of any dissolution until the work was entirely completed and after the plaintiff had paid out all this money. More than this, Kenefick knowingly permitted the use of his name, and in such a manner as to carry conviction to the public and this plaintiff that the partnership existed during the continuance of the entire work. Kenefick & Gleason contracted with the county, and drew their pay on periodical estimates in the firm-name. The funds thus drawn from the county were deposited in the bank and drawn out on checks in the name of the copartnership. The partial payments received by this plaintiff, were made by checks in the name of Kenefick & Gleason. Indeed, all outward appearances indicated a continuous partnership; nothing appeared to the contrary. There is no merit in the appeal. The trial judge intelligently, clearly and correctly instructed the jury on every phase of the case, and we affirm the judgment.