AMERICAN BONDING COMPANY, Appellant, v. DANIEL A. FULTS et al., Respondents.

Kansas City Court of Appeals, June 12, 1911.

PARTNERSHIP: Non-trading: Silent or Dormant Partner. In an action by the surety on a bond to recover from the principal obligors moneys which the surety was compelled to advance on account `` their default, where the evidence showed that one of the defendants was a silent or dormant partner in a non-trading partnership, and where the record showed affirmatively and beyond dispute that the silent partner did not authorize or ratify the contracts of the other partners or in any way indicate an intention of being bound by them, an instruction by the trial judge to return a verdict for said defendant was not error.

Appeal from Pettis Circuit Court.—*Hon. Charles Hoffman,* Judge.

Affirmed.

*Bente & Wilson* and *Geo. F. Longan* for appellant.

*Charles E. Yeater* and *G. W. Barnett* for respondents.

JOHNSON, J.—This is a suit by the surety on a bond to. recover from the principal obligors moneys the surety was compelled to advance on account of the inability of the principals to perform the contract, the performance of which the bond was given to secure. At the close of the evidence the court instructed the jury to return a verdict for the defendant Beedy and the cause is here on the appeal of the plaintiff from a judgment entered on the verdict rendered in obedience to that instruction.

The material facts of the case thus may be stated: The defendants D. A. Fults, J. A. Fults, J. D. Franklin and J. C. Beedy agreed in the fall of 1899 to submit bids to the Post Office Department of the United States to carry the mails on certain "Star" routes in southern states. Each was to furnish one-fourth of the capital necessary to carry out the contracts they might obtain and the bids were to be submitted in the name of either D. A. or J. A. Fults. Each was to receive one-fourth of the profits and, as to Beedy, it was agreed that he should bear none of the losses and have no part in the management or control of the enterprise. Bids submitted in accordance with this agreement were accepted, contracts were entered into between the government on the one side and either D. A. Fults or J. A. Fults on the other and bonds for the performance of the contracts were given, with the plaintiff, a Maryland corporation, as surety. Beedy's name

was not used in any of these transactions and it appears that plaintiff had no knowledge that anyone but the contractor with the government was interested in the contracts.

The contractors lost money on the ventures and in the early spring of 1903, the Fultses, being unable to provide funds to complete the performance of their contracts, called on plaintiff to advance the necessary funds to avoid liability under the bonds. Plaintiff made such advances from time to time in the aggregate amount of $6288.25. The name of Beedy was not mentioned in the correspondence between the two Fultses and plaintiff, and it is evident that during the period of the practical performance of the contracts by plaintiff, its officers were ignorant of any relationship between Beedy and the Fultses.

In January, 1902, a year before plaintiff was called on for money Beedy caused the following notice to be published in a newspaper: "I have sold all my interest in D. A. Fults and Co., U. S. Mail business, to the remaining members of the firm, they assuming all liability, I withdrawing from said firm.

"Signed, J. C. BEEDY."

Beyond contributing his share of the capital stock Beedy had nothing to do with the business and if he was a partner of the Fultses, he was a dormant partner.

We have given a brief synopsis of the facts and have mentioned only such as are pertinent to the rule of law we hold is decisive of the case. We shall concede for argument that Beedy was a silent partner in the business of performing the contracts made by other members of the firm and that if the partnership belonged to the class designated as trading partnerships he would be liable for the debts and obligations incurred in behalf of the business by the managing partners. But the difficulty of plaintiff's position is that the partnership was non-trading. We so held

in Bank v. Fults, 115 Mo. App. 42, where a bank sought to hold Beedy liable on notes executed by the Fultses for money borrowed and used in the business now under consideration. We there repeated and applied the well-known rule that the partners of a non-trading firm have no implied power to bind each other and a creditor seeking to hold one of the partners on commercial paper issued in the firm name must show previous authorization or subsequent ratification of the act by the partner sought to be charged.

The reason of the rule is that the implied agency which exists among members of a trading partnership does not exist in a non-trading firm and, since one partner has no implied power to bind his associates he must have express authority or, if he acts without it, the member not participating will not be bound unless subsequently he evinces in some way his ratification of the unauthorized act. Instead of evidence tending to show that Beedy authorized either of the Fults Brothers to bind him in the contracts, they made with plaintiffs, or that he ratified their acts in entering into those contracts, the record shows affirmatively and beyond dispute that he did not authorize or ratify the contracts or in any way indicate an intention of being bound by them.

On this ground alone, if no other, the learned trial judge did not err in instructing the jury to return a verdict for the defendant Beedy.

The judgment is affirmed. All concur.